UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID SANAI BURON, an individual, and DARIA SANAI, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, and DOES 1 through 10,<br><br>                Defendants.<br>_____<br>CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>                Defendants. | No. C02-2165Z<br><br>ORDER |

ORDER - 1

## I. INTRODUCTION

On January 3, 2005, the Court ordered Plaintiffs to show cause why their Complaint should not be dismissed with prejudice because of their continued misconduct, disregard for Orders of this Court, and bad faith litigation tactics. See Minute Order, docket no. 641, at ¶ 10. Plaintiffs' conduct in this litigation has been an indescribable abuse of the legal process, unlike anything this Judge has experienced in more than 17 years on the bench and 26 years in private practice: outrageous, disrespectful, and in bad faith.[1] Plaintiffs have employed the most abusive and obstructive litigation tactics this Court has ever encountered, all of which are directed at events and persons surrounding the divorce of Sassan and Viveca Sanai, including parties, lawyers, and even judges.[2] Plaintiffs have filed scores of frivolous pleadings, forcing baseless and expensive litigation. The docket in this case approaches 700 filings, a testament to Plaintiffs' dogged pursuit of a divorce long past.

---

[1] Los Angeles County Superior Court Judge Elizabeth A. Grimes commented on Plaintiff Cyrus Sanai's litigation tactics in a different suit as follows:

> Plaintiff has proliferated needless, baseless pleadings that now occupy about 15 volumes of Superior Court files, not to mention the numerous briefs submitted in the course of the forays into the Court of Appeal and attempts to get before the Supreme Court, and not one pleading appears to have had substantial merit. The genesis of this lawsuit, and the unwarranted grief and expense it has spawned, are an outrage.

See Sanai v. The U.D. Registry, Inc., 2005 Cal. App. Unpub. LEXIS 1366, at *60 n. 3 (2005). That description applies to Mr. Sanai's activities before this Court, as well.

[2] Snohomish County Superior Court Judge Joseph A. Thibodeau, who recused himself after concluding that Plaintiffs' continued misconduct had been prejudicial, commented as follows:

> But under no circumstances would I give [Viveca Sanai] any relief in this courtroom. She doesn't deserve it. Cyrus and Frederic (sic) don't deserve any relief. You can take it all the way to the Ninth Circuit if you want to read that, after I've made this record, that they've acted in bad faith. They've frustrated the entire process of this Court, and under any circumstances, any relief that [Viveca Sanai] would get from any court in my opinion is a windfall. You can quote that to the next judge that's going to hear it.

See Emergency Motion for Contempt and Motion for Leave to Submit Additional Evidence in Support of Dismissal for Misconduct, docket no. 683, Ex. 3.

ORDER - 2

Plaintiffs have flatly refused to obey Orders of this Court, to cooperate with discovery, and to comply with their obligations under the Federal Rules. They have refused to appear for depositions and respond to discovery. When deposing opposing parties, their conduct has been abusive and disrespectful. They have intercepted and wiretapped the phone calls of other represented parties in this litigation. They have actively and improperly interfered with discovery, and required this Court to intervene all too frequently.[3]

Plaintiffs have also disobeyed Orders of this Court relating to property owned by Sassan and Viveca during their marriage, including a vacant lot and the family home. In disregard of a direct Order from this Court, Plaintiff Fredric Sanai and Viveca Sanai effected lis pendens filings with the Snohomish County Auditor that were contrary to the Orders of this Court. See Transcript of Proceedings, docket no. 272; see also Order on Motion for Contempt, Sanctions, and Attorneys' Fees, docket no. 262. The sanctions imposed by the Court for those actions are currently on appeal, but Plaintiffs' disregard for the Orders of the Court is relevant to the Court's consideration of Plaintiffs' continued course of misconduct.

The Court also ordered the parties to address whether monetary sanctions should be imposed pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the Court's inherent contempt power. See Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 435 (9th Cir. 1996); Wages v. IRS, 915 F.2d 1230, 1235-1236 (9th Cir. 1990) (Section 1927 sanctions may be imposed on a pro se plaintiff).

In addition, Defendant Sassan Sanai has recently moved this Court for an Order of Contempt and Sanctions, associated with the filing of a new lis pendens by Plaintiff Cyrus Sanai, which was contrary to the Order of this Court that no further lis pendens were to be filed against the family home. See Emergency Motion for Contempt and Motion for Leave to Submit Additional Evidence in Support of Dismissal for Misconduct, docket no. 683.

---

[3] Plaintiffs' objections regarding service are frivolous and brought solely for the purpose of obstruction and delay. Ingrid Sanai Buron's objection and claimed inability to obtain replacement counsel is similarly frivolous and brought only for the purpose of delay.

ORDER - 3

## II. BACKGROUND

In evaluating the propriety of sanctions, the Court may look at all incidents of misconduct. See Adriana v. International Corp. v. Theoren, 913 F.2d 1406 (9th Cir. 1990) (citing United States v. Kahaluu Const. Co., 857 F.2d 600 (9th Cir. 1988)).  However, the Court cannot impose additional sanctions for misconduct on appeal. See, e.g., In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981) ("[w]hen a proper notice of appeal has been timely filed, the general rule is that jurisdiction over any matters involved in the appeal is immediately transferred from the district court to the court of appeals.").  However, the Court may consider Plaintiffs' continued course of misconduct. Adriana, 913 F.2d at 1411-12.

Plaintiffs have persistently disobeyed orders of this Court and disregarded their obligations of the Federal Rules, illustrated by the following examples of misconduct, which represent a small part of the improper and outrageous activities that have taken place before this Court.

**A.  Discovery Misconduct**

   **1.  Refusal to Attend Depositions.**

Each Plaintiff was served with a Notice of Deposition for the week of November 10-13, 2003, and subpoenas calling for the production of various physical evidence. Schultz Decl., docket no. 378, Ex. A, B.  Plaintiffs refused to attend their depositions. Shultz Decl., docket no. 378, at ¶¶ 5, 7; Gibbs Decl., docket no. 374, Ex. K (Nov. 4, 2003 Email from Fredric Sanai).  Plaintiffs refusal to appear for depositions was improper under the Federal Rules.  See Gibbs Decl., docket no 374, Ex. N (Nov. 7, 2003 Email from Fredric Sanai) ("We will not be rescheduling the depositions until we receive the discovery documents your side has been ORDERED to produce, as well as the interrogatory responses.").

   **2.  Second Refusal to Attend Depositions.**

After Plaintiffs' first refusal to appear for depositions, Defendants attempted to reschedule. See Sullivan Decl., docket no. 379, Exs. 1-5.  Plaintiffs again refused to appear

ORDER - 4

for these scheduled depositions. See Gibbs Decl., docket no. 374, Ex. O (Nov. 16, 2003 Letter from Fredric Sanai & Cyrus Sanai) ("Because of Defendants' refusal to comply with the discovery requests, any depositions of Plaintiffs will have to occur after the December 7, 2003 discovery cut-off date.").

### 3.     Failure to Serve Subpoena on Opposing Counsel.

On October 22, 2004, Plaintiff Fredric Sanai signed and served a subpoena duces tecum on the Redmond General Insurance Agency, seeking production of documents by October 29, 2004. See Smith Decl., docket no. 592, Ex. 1. Plaintiff only served the subpoena on opposing counsel after responsive documents had been produced, depriving Defendants of the right to object or move to quash. Smith Decl., docket no. 592, Ex. 2. This conduct was an abuse of Fredric Sanai's status as an Officer of the Court, for which the Court imposed sanctions, and the disqualification of Plaintiff as an attorney in this matter. Minute Order, docket no. 641, at ¶ 6; Minute Order, docket no. 675, at ¶¶ 1-2. The Court finds that Fredric Sanai's failure to properly serve the subpoena was willful and in bad faith.

### 4.     Interference with Discovery.

Plaintiffs identified various treating physicians and psychologists, related to their emotional distress claims. Smith Decl., docket no. 587, Ex. 1 (Viveca Dep., pp. 87-88) (Dr. Vicki Boyd); Smith Decl., docket no. 587, Ex. 14 (Ingrid Dep. at pp. 50-51, 56, 61) (Linda Strong, M.D. and Lisa Ivanjack, M.D.). Defendants sought medical records, sent the required notices, and scheduled depositions. See Smith Decl., docket no. 587, at Ex. 2, 6. When the doctors failed to appear for their depositions, Defendants rescheduled. However, before depositions could occur, Defendants received documents drafted by Plaintiffs entitled "Objections to Subpoena," signed by the doctors. Smith Decl., docket no. 587, Ex. 13; Bryant Decl., docket no. 586, attach. 2. The objections repeated frivolous arguments advanced by Plaintiffs in this Court. The Court imposed monetary sanctions for misconduct,

ORDER - 5

and dismissed the emotional distress claims with prejudice. See Minute Order, docket no. 641, at ¶ 5; see also Minute Order, docket no. 675, at ¶¶ 1, 3.

### 5. Failure to Answer Interrogatories.

On July 22, 2004, Plaintiffs were served with Interrogatories. See Motion to Compel/ Ziontz Decl., docket no. 544, Ex. 1, 3. Plaintiffs failed to timely respond. Their untimely responses advanced frivolous objections and included only inadequate, incomplete responses. The Court found Plaintiffs' objections waived by the failure to timely respond, see Minute Order, docket no. 594, and ordered Plaintiffs to "respond completely . . . within 20 days of this Order." Id. Plaintiffs' subsequent responses were inadequate and incomplete, and did not comply with the Court's Order. Minute Order, docket no. 594, at ¶ 1.[4]

### 6. Failure to Respond to Requests for Production.

Defendant's Second Requests for Production were also served on July 22, 2004. See, e.g., Motion to Compel/Ziontz Decl., docket no. 544, Ex. 2, 4. Plaintiffs also failed to timely respond to these Requests. Plaintiffs' late responses were inadequate and incomplete, and the Court granted Defendant's motion to compel. See Minute Order, docket no. 594. The Court ordered Plaintiffs to respond and found their objections waived by Plaintiffs' untimely response. Id. Although Plaintiffs had identified certain "wiretap equipment," which is key evidence in this case and the subject of the Requests, Plaintiffs refused to produce the equipment in direct disregard of the Court's Order. See Def. Resp., docket no. 669, Ex. 1-8. Plaintiffs do not dispute their failure to produce material physical evidence in direct violation of this Court's Order. Plaintiffs have already been warned many times that severe sanctions would follow continued disregard of the Court's Orders. See Minute Order, docket no. 597 ("[t]he failure to provide good faith discovery responses may result in evidentiary sanctions,

---

[4] Plaintiffs later supplemented their incomplete Interrogatory answers. However, this does not cure Plaintiffs' earlier disregard for this Court's Order. Plaintiffs argument that their supplemental answers indicate that earlier responses were made in good faith is without merit.

ORDER - 6

including limitations on what evidence may be presented at trial."); see also Minute Order, docket no. 641 ("The failure to pay these expert witness fees will result in sanctions for contempt, evidentiary sanctions, or the dismissal of Plaintiffs' wiretap related claims.").

### 7. Failure to Produce Subpoenaed Documents.

Plaintiffs expert on wiretapping equipment, Mr. Gordon Mitchell, was served with a subpoena requiring certain documents and things be produced at his deposition. Gibbs Decl., docket no. 374, pg. 7-8, ¶ 17, Ex. S. Mr. Mitchell appeared for the deposition, but did not bring the materials required by the subpoena. Gibbs Decl., docket no. 374, pg. 8, ¶ 18. After the deposition, Cyrus Sanai agreed to produce some of the subpoenaed documents and a privilege log, but failed to do so. Plaintiffs conceded that they failed to produce the documents required by the subpoena. Cyrus Decl., docket no. 394, ¶ 4.

## B. Disobedience of Court Orders

### 1. Lis Pendens

Plaintiffs' continued interference with the sale of the family home in flagrant defiance of this Court's Orders has been an ongoing problem for the Court, and Defendant Sassan Sanai. On May 15, 2003, the Court specifically ordered Plaintiffs not to file any further lis pendens against the "vacant lot" or family home. See Minutes, docket no. 138. Plaintiffs Fredric Sanai and Viveca Sanai filed a new lis pendens in violation of that Order, and the Court imposed sanctions. See Transcript of Proceedings, docket no. 272; see also Order on Motion for Contempt, Sanctions, and Attorneys' Fees, docket no. 262. At a hearing on September 26, 2003, the Court stated in unmistakable language that it was prohibiting the filing of any lis pendens against the family home, with criminal contempt as a consequence:

> If there is a lis pendens filed against that family home without approval, prior written approval of this Court, I will issue a bench warrant for the arrest of the person signing that lis pendens. Just to make sure you understand, this Court will enter a bench warrant, you'll be arrested, if you file in violation of this Court's Order a further lis pendens that deals with that family home.

ORDER - 7

Transcript, docket no. 272, at 28:6-13. Mr. Cyrus Sanai acknowledged that "you [Judge Zilly] may absolutely enjoin me from filing any lis pendens which, by the way, is a notice of proceeding that relates to anything in this court." Mr. Sanai further acknowledged that a lis pendens merely "is a notice of proceeding . . . [t]hat's all it is." See Transcript, docket no. 272, at 21.

On September 26, 2003, the Court also signed an Order on Motion for Contempt, docket no. 262, which provided in paragraph 3:

> None of the plaintiffs herein shall file or record any additional or further notices of lis pendens affecting the former family home of the parties without prior Order of the court approving the same following a hearing pursuant to which due process notice in accordance with the FRCP and the Local Rules of the U.S. District Court for the Western District of Washington has been provided.

See Order, docket no. 262, at 2. That Order has not been vacated or modified.

On May 18, 2005, Cyrus Sanai caused to be filed a document titled "Lis Pendens" with the Snohomish County Auditor. See Ziontz Decl., docket no. 683, at Ex. 2. The filing accompanying the "Lis Pendens" title page is titled "Notice of Pending Cases." Mr. Sanai argues that a "Notice of Pending Cases" is not a "Lis Pendens," ignoring the fact that "lis pendens" means "a suit pending" or "notice of pending action."[5] Plaintiff Cyrus Sanai's conduct directly disregarded this Court's Orders regarding the family home.

**2.     Service of Process.**

On April 18, 2003, the Court specifically ordered Plaintiffs to properly serve all pleadings in accordance with the Federal Rules. Minute Order, docket no. 102, pg. 2, ¶ 3. In spite of the Court's Order, Plaintiffs have consistently failed to properly serve Defendants or their counsel. Gibbs Decl., docket no. 374, pg. 2-3, ¶¶ 4-5 and Ex. B. Plaintiffs have also consistently failed to file "proofs of service," which they argue they are not required to do

---

[5] Mr. Sanai also argues that this Court does not have jurisdiction because he has appealed the Preliminary Injunction to the Ninth Circuit. This is incorrect. Violations are punishable even though the Order is set aside on appeal or the basic action has become moot. See United States v. United Mine Workers, 330 U.S. 258, 294 (1947).

ORDER - 8

because it is "improper under California practice, which Plaintiffs generally follow." Plaintiffs' Response, docket no. 394, at 5. Plaintiffs' preference for California practice does not excuse their disobedience of an Order from this Court.

### 3. Address of Record.

Plaintiff Viveca Sanai was ordered from the family home by the Snohomish County Superior Court. See Def. Motion for Sanctions / Ziontz Decl., docket no. 544, Ex. 6. Plaintiff failed to provide a proper address of record per the local rules, and then began asserting frivolous allegations of improper service based on her own failure to comply with the local rules. Plaintiff also attempted to leverage her incorrect address in order to allow further access to the family home. See Ex. 7 to Def. Mot. for Sanctions / Ziontz Decl., docket no. 544, at 2 ("Viveca Sanai has not been able to receive any documents . . . due to the direct interference of your client . . . at her address of record. * * * Direct your client to cease blocking access to Viveca's address of record immediately."). The Court ordered Viveca Sanai to comply with the local rules and provide her address. Minute Order, docket no. 594, at ¶ 1 (November 22, 2004). In spite of the Order, which required compliance within 10 days, Plaintiff failed to give notice for over two months. See Notice of Change of Address, docket no. 666 (February 7, 2005).

### 4. Violation of Order re: Summary Judgment Oppositions

On December 2, 2004, Defendants filed Motions for Summary Judgment. Plaintiffs requested an extension of time to respond. See Plaintiffs' Motion to Extend Time, docket no. 619. That motion was denied by Minute Order, docket no. 625. In spite of the Court's Order denying their motion, Plaintiffs chose to untimely file their Responses, in direct disregard of the Court's direct Order. See Plaintiffs' Opp. to Summ. J., docket no. 626.

## C. Forum Shopping

Plaintiffs' first filed this action in California, where it was dismissed for lack of jurisdiction. While that action was on appeal, Plaintiffs filed a second action in King County

ORDER - 9

Superior Court, in order to avoid Judge Thibodeau's court in Snohomish County Superior Court.[6] However, after the King County Superior Court issued an adverse ruling,[7] Plaintiffs filed this action in the Western District of Washington, seeking the same relief on more favorable terms. See Ex Parte Motion for Temporary Restraining Order, docket no. 12; see also Order, docket no. 17.

Plaintiffs next filed a second action in the Western District, which was assigned to Judge Lasnik, and attempted to have both actions consolidated before Judge Lasnik, and requested disqualification of Judge Zilly due to bias. See Motion to Consolidate or Disqualify, docket no. 70. Although that motion was denied, and both cases consolidated before Judge Zilly, Plaintiffs have repeatedly sought Judge Zilly's recusal or disqualification, and have asked the Ninth Circuit for a different judge. Gibbs Decl., docket no. 374, pg. 11, ¶ 24; see, e.g., Pl. Motion for Recusal, docket no. 552. Plaintiffs filed a third action which was assigned to Chief Judge Coughenour, and a fourth which was assigned to Judge Pechman.[8]

In parallel state litigation, Plaintiffs have filed numerous affidavits of prejudice and motions for recusal, and have sued numerous state court judges, justices, and commissioners. See, e.g., Sullivan Decl., docket no. 379, Ex. 15 (Affidavit of Prejudice by Fredric Sanai against Snohomish County Judge Joseph Thibodeau), Ex. 16 (Affidavit of Prejudice by Daria Sanai against Snohomish County Judge Kenneth Cowsert), Ex. 17 (Affidavit of Prejudice by Ingrid Sanai against Snohomish County Court Commissioner Arlen Beadle), Ex. 19 (Motion to Recuse Snohomish County Judge Ronald Castleberry by Ingrid Sanai); Sullivan Decl.,

---

[6] The location of the alleged wiretapping by Sassan Sanai was in Snohomish County.

[7] Plaintiffs sought a writ of attachment against their father's assets. Judge Palmer Robinson granted Plaintiffs a limited writ of attachment, but conditioned the writ on the posting of a commercial bond for $200,000, which Plaintiffs characterized as ridiculous.

[8] The third action assigned to Judge Coughenour was dismissed. The fourth action assigned to Judge Pechman was transferred to Judge Zilly.

ORDER - 10

docket no. 402, Ex. D (Motion for Recusal of Justice Agid, Justice Appelwick, Justice Baker, and Justice Ellington).  The only possible characterization of Plaintiffs' conduct is forum shopping, or judge shopping.  Indeed, Defendants were sanctioned for their conduct by the Snohomish County Superior Court for forum shopping.  See Ex. Y to Gibbs Decl., docket no. 374, at 6.  The Snohomish County Superior Court characterized Plaintiffs' actions as a "blatant attempt to forum shop" and as "wholly frivolous."  Id, ¶¶ 7.1, 10.

Plaintiffs' continued attempts to secure a different federal district judge have been improper and justify the imposition of sanctions.

**D.     Other Misconduct**

Although Plaintiffs' lawsuit seeks damages for illegal wiretapping, Plaintiffs wiretapped their father, Sassan Sanai, during the pendency of this litigation.  Plaintiffs freely admit that they recorded their father's conversations, See Pl. Opp. to Summ. J., docket no. 626, Ex. B, ¶ 4 (Daria Sanai Decl.), and continue to submit transcripts of those recordings as evidence in these proceedings.  Plaintiffs wiretapping involved an off-duty detective, Russ Ludwig.  See Opp. to Motion to Compel, docket no. 529, at 2, 6-10; see also Ziontz Decl., docket no. 529, at ¶ 3.  Mr. Ludwig's deposition testimony clarifies, however, that his activities were not official.  There was no "investigation" and he was working for Daria Sanai.  See Def. Opp. to Mot. to Compel., docket no. 528, at 9 (Ludwig Dep. at 76:6-15, 77:17-22).  The calls and recordings were effected by Daria Sanai calling the detective and using three-way calling to bring in Sassan."  See Pl. Opp. to Summ. J., at ¶ 4, Ex. B (Daria Sanai Decl.).

At a hearing before Washington's Court of Appeals, Fredric Sanai acknowledged that such recordings would be illegal.  See Def. Resp. to Mot. to Compel, docket no. 529, at 2 (citing Subjoined Declaration of Martin L. Ziontz, ¶ 1) ("You can't go around taping your own . . . Daria can't tape conversations in Washington.  It's illegal.").  Washington law prohibits interception or recording without the consent of all parties.  Wash. Rev. Code

ORDER - 11

9.73.030. Plaintiffs' do not respond to the allegation that their wiretapping was illegal under Washington law. See State v. Christenson, 153 Wash. 2d 186, 196 (2004) (holding that listening from an extension was a violation of Washington's Privacy Act.).

## III. DISCUSSION

### A. Dismissal for Misconduct

Under Rule 41 a defendant may move for dismissal of an action if the plaintiff fails "to prosecute or to comply with [the Federal] rules or any order of court." Fed. R. Civ. P. 41(b). Rule 37 provides that a district court may sanction a party for failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). The Court may issue an "order striking out pleadings, or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).

The Ninth Circuit has identified five factors that courts should consider when deciding whether to dismiss a case for misconduct:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990). The standards governing dismissal for failure to obey a court order are basically the same under either Rule 37 or Rule 41. Id. Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive. Id. When deciding a motion for sanctions, the Court may consider prior misconduct, and all of the misconduct is considered as a whole. Id. at 1411.

### 1. The First and Second Dismissal Factors

The first two dismissal factors are the public interest in the expeditious resolution of litigation and the trial court's interest in docket control. Plaintiffs' course of conduct has been exceptional and outrageous. Plaintiffs have failed to respond to discovery and to

ORDER - 12

appear for depositions. Plaintiffs have repeatedly failed to file responsive pleadings in a timely manner, and have filed numerous frivolous motions and pleadings. Plaintiffs' conduct has greatly impeded the resolution of this case and has been burdensome on the Court's docket and schedule. See Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). The first two factors weigh heavily in favor of dismissal. See Adriana, 913 F.2d at 1412 (Where a court order is violated, the first two factors support sanctions.).

**2.     Prejudice to Defendant**

A plaintiff's actions are prejudicial if they impair the Defendants' ability to move forward with the trial or the Court's ability to decide the merits of the case. Adriana, 913 F.2d at 1412. The failure to produce documents or things is considered to be sufficient grounds for finding prejudice. Id. (citing Securities and Exchange Comm'n v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir. 1982)). In Adriana, the court found the plaintiffs' repeated failure to appear for scheduled depositions combined with their refusal to comply with court-ordered production of documents was prejudicial. 913 F.2d at 1412. In Malone, the court found that counsel's decision to wait until the "last minute" before informing opposing counsel that Plaintiff no longer intended to comply with the pretrial order was prejudicial. Mere delay, however, is not enough to establish prejudice. Id. at 1412.

The Plaintiffs in this case did eventually appear for depositions; however, they repeatedly refused to appear for scheduled depositions, and engaged in obstructionist tactics to prejudice and delay nearly every request for discovery. Plaintiffs' pattern of discovery abuse and disobedience of Court orders has been extraordinarily prejudicial.[9] Plaintiffs conduct has interfered with the orderly resolution of this case, has been prejudicial to Defendants' participation in discovery, and has dramatically increased the cost of this

---

[9] Plaintiffs have offered numerous excuses for their repeated failures to comply with the federal rules and Orders of this Court. See, e.g., Def. Resp., docket no. 673, Ex. 3 (car collision); Pl. Resp. to Mot. for Summ. J., docket no. 628, at 1 (office move); Pl. Opp. to Mot. for Sanctions, docket no. 604 ("press of existing motions"); Pl. Resp., docket no. 603, at 4 (sick mother); Pl. Resp., docket no. 394, at 16 (birth of child).

ORDER - 13

1 litigation. Plaintiffs' misconduct has been persistent, willful, and in bad faith. In spite of the
2 fact that the Court repeatedly extended the discovery deadline, Plaintiffs conduct has been
3 untimely and unresponsive, even in response to direct Orders by this Court  The Court finds
4 that the third factor also weighs strongly in favor of dismissal. See also Adriana, 913 F.2d at
5 1412.

### 3. Consideration of Less Drastic Alternatives

The Court must consider the adequacy of less drastic sanctions, and the impact of dismissing the case. Adriana, 913 F.2d at 1412. A district court's decision to dismiss a case for misconduct should (1) consider the feasibility of less drastic sanctions and explain why alternative sanctions were not sufficient; (2) evaluate whether the court "implemented alternative sanctions before ordering dismissal"; and (3) discuss whether the court warned "the party of the possibility of dismissal before actually ordering dismissal." Id. at 1412-1413. An explicit warning is not always required, however, where dismissal would not surprise the plaintiff. Id. at 1413.

Defendants correctly argue that a less drastic sanction would not be adequate. Plaintiff Viveca Sanai has incurred sanctions in excess of $100,000 in the underlying divorce action. See Sullivan Decl., docket no. 379, at 5. This Court has sanctioned Plaintiffs a combined total of $27,163.10 in the matters before this Court. See Order, docket no. 262 ($5,900 in attorneys' fees and sanctions); Minute Order, docket no. 675 ($6,263.10 in attorneys' fees); see also Sanai v. Sanai, Case No. C04-1594Z, docket no. 19 (W.D. Wash. filed Nov. 8, 2004) ($15,000 in sanctions on Plaintiffs). Plaintiffs have been repeatedly warned that severe sanctions would be imposed if the Court's Orders were disregarded. See Minute Order, docket no. 594, at ¶ 1. However, Plaintiffs persist in their misconduct. Plaintiffs' conduct shows that they will not respond to sanctions. Clearly, no other sanction the Court might impose, except for dismissal itself, would be effective in remedying this misconduct.

ORDER - 14

Plaintiffs have been put on notice that dismissal for misconduct was possible by Defendants' earlier Motion to Dismiss for Misconduct, docket no. 373. The Court struck that motion without prejudice after allowing Defendants' counsel to withdraw due to a conflict. See Minute Entry, docket no. 427. However, the possibility of dismissal remained. In spite of a lengthy and well-supported Motion to Dismiss for Litigation Misconduct, docket no. 373, Plaintiffs have done nothing to change their course of conduct in this litigation. As the Ninth Circuit observed in Adriana:

> [T]he Court imposed the following sanctions prior to dismissal: monetary sanctions for filing a frivolous motion, for failure to comply with Local Rule 6, for failure to produce documents, and for failure to pay earlier sanctions. Additionally, the court also found Lewis in contempt for failing to pay the sanctions. Adriana continually disobeyed court orders and acted in wilful disruption of the discovery process. Adriana had not complied with past sanctions, and the court had no reason to believe they would in the future. Therefore, the court satisfied the consideration of alternatives requirement here by imposing various other sanctions before dismissal.

Adriana, 913 F.2d at 1413. The facts of this case are no less egregious than in Adriana, and monetary or evidentiary sanctions would be no more effective. Plaintiffs were put on notice that dismissal of this action was possible based on their misconduct. As the Court stated in Sanai v. Sanai, Case No. C04-1594Z, docket no. 19 (W.D. Wash. October 8, 2004):[10]

> This Court has previously sanctioned plaintiffs for their conduct. Plaintiffs' conduct before this Court has been abusive and outrageous. In the other matter pending before this Court, case No. C02-2165Z, nearly 550 pleadings have been filed, and plaintiffs' continued conduct before this Court has been burdensome, improper, and disrespectful. The Court is convinced that only a strong sanction is appropriate here because of Plaintiffs' continued course of conduct.

An explicit warning that dismissal may occur if a party continues with litigation misconduct is not always necessary. See Malone, 833 F.2d at 133 (no explicit warning necessary where harsh sanction of dismissal should not have surprised plaintiff who willfully violated court's order). Less drastic sanctions would clearly be ineffective in this case.

---

[10] Plaintiffs Cyrus Sanai, Fredric Sanai, and Viveca Sanai filed the fourth action, Sanai v. Sanai, Case No. 04-1594, after this Court denied Plaintiffs leave to file their Fourth Amended Complaint. See Minute Order, docket no. 501.

ORDER - 15

Under the Ninth Circuit rule that dismissal is appropriate where four factors support dismissal, or at least three factors "strongly" support dismissal, the Court finds that dismissal is appropriate here.  See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Four factors here strongly support dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; and (4) the availability of less drastic sanctions.  Even the policy favoring the disposition of cases on their merits has been eviscerated by Plaintiffs' continued frustration of litigative process. The only remedy for Plaintiffs continued misconduct is dismissal of their Complaint.  The Court finds that each of the five Malone factors weigh in favor of dismissal.

## IV. CONCLUSION

For the reasons stated in this Order, the Court hereby enters the following Order:

1.  Plaintiffs' Third Amended Complaint, docket no. 145, is DISMISSED with prejudice for the reasons set forth in this Order.  The Counterclaims of Defendants Sullivan, McCullough, and Sanai shall remain.

2.  The lis pendens filed by Cyrus Sanai, dated May 24, 2005, shall be cancelled and released by the Snohomish County Auditor, and this Order may be recorded against the subject property at 8711 Talbot Road, Edmonds, WA 98026: Tract 25, Talbot Park, Vol. 12 of Plats, page 107, records of Snohomish County, Washington, tax parcel no. 00594400.

3.  Defendant's Emergency Motion for Contempt and Motion for Leave to Submit Additional Evidence in Support of Dismissal for Misconduct, docket no. 683, is GRANTED. Plaintiff Cyrus Sanai shall pay all attorneys' fees, costs, and expenses incurred by Sassan Sanai's attorneys Martin Ziontz and William Sullivan as a result of his filing the lis pendens. Dr. Sanai shall submit a declaration setting forth his attorneys' fees, expenses, and costs, within 15 days of this Order, for approval by the Court.

ORDER - 16

4. Plaintiffs Cyrus Sanai and Fredric Sanai shall pay the sanctions ordered by this Court on March 10, 2005, see Minute Order, docket no. 675, within 10 days of this Order.

5. The Court DENIES Plaintiffs' Motion for Sanctions, docket no. 690.

6. The Court finds that Plaintiffs Cyrus Sanai, Fredric Sanai, and Viveca Sanai are liable for excessive costs in this litigation pursuant to 28 U.S.C. § 1927 resulting from Plaintiffs' unreasonable and vexatious multiplication of these proceedings. Plaintiffs Cyrus Sanai, Fredric Sanai, and Viveca Sanai shall be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of their conduct, pursuant to 28 U.S.C. § 1927. Within 20 days of this Order, Defendants shall submit a motion to quantify their § 1927 attorneys' fees and costs; said motions shall be noted for consideration on the third Friday thereafter.

IT IS SO ORDERED.

DATED this 1st of July, 2005.

_____
Thomas S. Zilly
United States District Judge

ORDER - 17