1
2
3
4
5

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID SANAI BURON, an individual, and DARIA SANAI, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, and DOES 1 through 10,<br><br>            Defendants.<br>_____<br>CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>            Defendants. | No. C02-2165Z<br><br>ORDER |

ORDER - 1

## I.

This matter comes before the Court on Plaintiffs' Motion for Stay Pending Appeal, to Recognize Automatic Stay, and for Supersedeas Without Bond, docket no. 698, Defendants' Motions for Contempt & Sanctions, docket no. 683, and Defendants' Motions for Attorneys' Fees, Costs, and Expenses, docket nos. 704, 706, and 709.

**A.    Plaintiffs' Motion for Stay and Appeal Without Bond, docket no. 698.**

Plaintiffs' Notice of Appeal, docket no. 699, is titled "preliminary injunction appeal." An appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits. See Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 959 (9th Cir. 1983) (Choy, J., dissenting). Plaintiffs' most recent preliminary injunction appeal is frivolous and improvidently taken. Pursuant to the procedures described by the Ninth Circuit in Chuman v. Wright, 960 F.2d 104 (9th Cir. 1992), the Court hereby certifies to the Ninth Circuit that the pending preliminary injunction appeal by Plaintiffs' Sanai, docket no. 699, is frivolous. See also Cal. ex rel. Lockyer v. Mirant Corp., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) ("frivolous appeals can significantly disrupt and delay trial court proceedings and . . . injure the legitimate interests of other litigants and the judicial system."), aff'd, 375 F.3d 831 (9th Cir. 2004) (internal quotations omitted); Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989) (district court may certify to the circuit court that appeal is frivolous and get on with trial). As the Seventh Circuit noted in Apostol:

> We have no doubt, however, that defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal. A district court may certify that a defendant has surrendered the entitlement to a pre-trial appeal and proceed with trial.

870 F.2d at 1339. Plaintiffs' "preliminary injunction" notice of appeal is an improper dilatory tactic. Although Plaintiffs title their appeal a "preliminary injunction" appeal, there is no preliminary injunction created or modified by the Order, docket no. 695, or Minute Order, docket no. 675. Plaintiffs' assertion that this Court's Order "is void in its entirety" is

ORDER - 2

without merit.  See Reply, docket no. 716, at 1.  In addition, the Ninth Circuit recently confirmed that this Court's May 15, 2003 Order releasing the *lis pendens* was not appealable as an injunction.  See Sanai v. Sanai, No. 03-35797 (9th Cir. Aug. 17, 2005) (mem.).  Plaintiffs' contention that the Court's Order, docket no. 695, is appealable on the same grounds is also without merit.

Plaintiffs' Motion for Stay Pending Appeal, To Recognize Automatic Stay, and For Supersedeas Without Bond, docket no. 698, is DENIED.

**B.     Defendants' Motion for Contempt & Sanctions, docket no. 683.**

The Court previously granted Defendant's Emergency Motion for Contempt and Motion for Leave to Submit Additional Evidence in Support of Dismissal for Misconduct, docket no. 683.  See Order, docket no. 695, at 16.  The Court ordered Plaintiff Cyrus Sanai to pay attorneys' fees, costs, and expenses incurred by Sassan Sanai as a result of the filing of the new *lis pendens*.  Defendant Sassan Sanai has submitted documentation of his attorneys' fees and costs.  See Ziontz Decl., docket no. 697; Sullivan Decl., docket no. 701.  Plaintiff has not yet responded.

**C.     Defendants' Motions for Attorneys' Fees and Costs under 28 U.S.C. § 1927.**

This Court's Order of July 1, 2005 found Plaintiffs Cyrus Sanai, Fredric Sanai, and Viveca Sanai liable for excessive costs in this litigation pursuant to 28 U.S.C. § 1927.  See Order, docket no. 695, at 17.  The Court ordered Defendants to submit a motion to quantify § 1927 attorneys' fees and costs within 20 days of the Order, noted for consideration on the third Friday thereafter.  Each Defendant submitted such a motion or declaration.  However, the Plaintiffs have not yet responded.

**D.     Plaintiffs' Extended Time to Respond.**

The Court will allow Plaintiffs additional time to respond to the pending motions for attorneys' fees and costs.  Plaintiffs' Response to the motions and declarations in support of § 1927 fees, and the declarations in support of attorneys' fees for the previously granted

ORDER - 3

1  Motion for Contempt and Sanctions, docket no. 683, shall be due on Monday, October 3,
2  2005. Defendants' Replies shall be due Friday, October 7, 2005.

3  **E.    Subject Matter Jurisdiction**.

4        On remand, the Ninth Circuit urged this Court to "carefully examine its subject matter
5  jurisdiction over this case." Sanai v. Sanai, No. 03-35797 (9th Cir. Aug. 17, 2005) (mem.).
6  Pursuant to the Memorandum Opinion of the Ninth Circuit, the Court ORDERS the parties
7  to brief the issues of (1) this Court's subject matter jurisdiction over this case; and (2)
8  whether the Court should exercise its discretion to retain jurisdiction over the remaining state
9  law counterclaims. See Brady v. Brown, 51 F.3d 810 (9th Cir. 1995); Scott v. Pasadena
10 Unified School Dist., 306 F.3d 646 (9th Cir. 2002). The parties shall submit briefs by
11 Friday, October 7, 2005, not to exceed 10 pages, on the Court's subject matter jurisdiction
12 over this case. The motions shall be noted for consideration the same day. No responses or
13 replies will be permitted unless requested by further order of the Court.

## II.

15     For the reasons stated in this Order:

16     1.    Plaintiffs' Motion for Stay Pending Appeal, To Recognize Automatic Stay, and
17 For Supersedeas Without Bond, docket no. 698, is DENIED. The Court certifies to the
18 Ninth Circuit that the pending preliminary injunction appeal by Plaintiffs' Sanai, docket no.
19 699, is frivolous.

20     2.    The Court allows Plaintiffs additional time to respond to the pending motions
21 and declarations in support of § 1927 fees, and the declarations in support of attorneys' fees
22 for the previously granted Motion for Contempt and Sanctions, docket no. 683. Plaintiffs'
23 Responses shall be due Monday, October 3, 2005. Defendants' Replies shall be due Friday,
24 October 7, 2005. The Court RENOTES Defendants' Motions for Attorneys' Fees & Costs,
25 docket nos. 704, 706, and 709 for Friday, October 7, 2005.

26

ORDER - 4

3.    The parties shall submit briefs on this Court's subject matter jurisdiction over this case by Friday, October 7, 2005. The briefs shall not exceed 10 pages and shall be noted for consideration on October 7, 2005. No responses or replies will be permitted unless requested by further order of the Court.

IT IS SO ORDERED.

DATED this 9th of September, 2005.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 5