1
2
3
4
5

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID SANAI BURON, an individual, and DARIA SANAI, an individual,<br><br>                     Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, and DOES 1 through 10,<br><br>                     Defendants.<br>_____<br>CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>                   Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>                   Defendants. | No. C02-2165Z<br><br>MINUTE ORDER |

MINUTE ORDER - 1

1

2   The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

3   (1) The Court, having reviewed the Memorandum of the Ninth Circuit, <u>Sanai v. Sanai</u>, No. 03-35797 (9th Cir. 2005), and the briefs of the parties, docket nos. 723, 725, 726, 727, and 730, hereby exercises its discretion to retain subject matter jurisdiction over this case for the reasons stated below.

This Court had subject matter jurisdiction over this case when it commenced. There is no dispute that this Court had federal question jurisdiction over the Plaintiffs' wiretapping claim under 18 U.S.C. § 2511 and ERISA claims under 29 U.S.C. §§ 1109(a), 1132(a)(3). <u>See</u> Pl.'s Third Amended Compl., docket no. 145. Likewise, this Court had supplemental jurisdiction over Plaintiffs' state law claims and Defendants' counterclaims. <u>See</u> 28 U.S.C. § 1367 (district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III). The only question is whether the Court can and should retain jurisdiction now that the federal question claims have been dismissed.

In <u>Brady v. Brown</u>, the Ninth Circuit held that "[t]he decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." 51 F.3d 810, 816 (9th Cir. 1995). The Defendants' remaining counterclaims relate to the Plaintiffs' original claims and conduct in this case. For example, the Defendants maintain claims under RCW 4.24.510 (party prevailing with immunity for communications to government officials defense entitled to fees and $10,000), RCW 4.84.185 (party prevailing against frivolous/unreasonable claims entitled to reasonable expenses), F.R.C.P. 11, slander of title for filing of lis pendens, and abuse of process for filing of lis pendens. The discretionary factors also weigh in favor of retaining jurisdiction. First, this Court addressed the Plaintiffs' underlying claims and is familiar with the issues. Second, this Court's pending ruling on the 28 U.S.C. 1927 sanctions will affect the Defendants' counterclaims for attorneys' fees and costs under other statutes, meaning this Court will remain in the best position to deal with those claims. Finally, as a matter of comity, it would be inappropriate to inflict this case on any state court at this late date. For all of these reasons, the Court exercises its discretion to retain subject matter jurisdiction over this case.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 1st day of November, 2005.

BRUCE RIFKIN, Clerk

By <u>s/ Casey Condon</u>
Casey Condon
Deputy Clerk

MINUTE ORDER - 2