1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID SANAI BURON, an individual, and DARIA SANAI, an individual,<br><br>                 Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, and DOES 1 through 10,<br><br>                 Defendants.<br>_____<br>CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>                 Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>                 Defendants. | No. C02-2165Z<br><br>ORDER |

ORDER - 1

This matter comes before the Court on Defendant Mary McCullough's Motion for Summary Judgment, docket no. 766. Ms. McCullough asks the Court to determine as a matter of law that she has "prevailed" on her counterclaim against Fredric Sanai under RCW 4.24.510. Ms. McCullough seeks an award of her attorneys' fees, costs, and the $10,000 statutory penalty, per occurrence, pursuant to RCW 4.24.510. Ms. McCullough also asks the Court to rule on her "still-pending" request for attorneys' fees related Plaintiffs' ERISA claims. See Motion for Summary Judgment, docket no. 213.

The Court has reviewed Ms. McCullough's Motion for Summary Judgment, docket no. 766, the Response, docket no. 779, the Reply, docket no. 780, and the supporting declarations and exhibits. In addition, the Court has considered the parties' prior filings related to Ms. McCullough's claim for ERISA-related attorneys' fees. For the reasons stated in this Order, the Court GRANTS IN PART and DENIES IN PART Ms. McCullough's Motion for Summary Judgment, docket no. 766.

## I.  DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations, or argumentative assertions that material facts are in dispute. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994).

For purposes of summary judgment, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). However, if no factual showing is made in opposition to a motion for summary judgment, the District Court is not required to search the record *sua sponte* for some genuine issue of material fact. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029 (9th Cir. 2001).

**A.  Fredric Sanai's Eleventh Cause of Action.**

Fredric Sanai's Eleventh Cause of Action sought damages against several individuals, including Mary McCullough, for tortious interference, abuse of process, and malicious prosecution. See Third Am. Compl., docket no. 145, at 21. The basis of the claim was Fredric's allegation that Ms. McCullough and others committed numerous "wrongful acts" against Fredric, including "false accusations of theft and second degree extortion" which resulted in Fredric's disqualification as counsel for Viveca Sanai in the underlying state divorce action. See id. at 22.

In response to Fredric's Eleventh Cause of Action and claim for damages, Ms. McCullough raised an affirmative defense and counterclaim based on RCW 4.24.510. See Answer to Third Am. Compl., docket no. 161, at 32. Washington law provides immunity from civil liability for certain communications to government agencies:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, *is immune from civil liability for claims based upon the communication* to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

RCW 4.24.510 (emphasis added).  The statute also provides for an award of attorneys' fees and statutory damages of $10,000, under certain circumstances.  Ms. McCullough counterclaimed against Fredric Sanai, Viveca Sanai, and Cyrus Sanai for attorneys' fees, costs of suit, and "$10,000 for each communication" immunized by RCW 4.24.510 that formed the basis for Plaintiffs' theory of civil liability.

Plaintiffs moved to dismiss Ms. McCullough's counterclaim for failure to state a claim.  See Motion to Dismiss Counterclaims for Failure to State a Claim, docket no. 168.  The Court granted Plaintiffs' request in part:

> The Court DISMISSES Defendant Mary McCullough's counterclaim for attorneys' fees and statutory damages against all Plaintiffs except Fredric Sanai.  The Eleventh cause of action brought by Fredric Sanai for tortious intereference names Mary McCullough as a defendant, and alleges that false accusations before the Snohomish County Superior Court resulted in Fredric's disqualification.  Some of these communications may fall under RCW 4.24.510.

Discovery Order, docket no. 210, at 2.  In subsequent motions' practice, Defendants William Sullivan and Marsh Mundorf Pratt Sullivan & McKenzie moved to dismiss Fredric's claims for tortious interference, abuse of process, and malicious prosecution.  See Motion for Partial Summary Judgment, docket no. 238.   The Court granted the motion, but dismissed Fredric's Eleventh Cause of Action without prejudice on Fredric's stipulation to dismiss:

> The Court GRANTS defendants' motion for partial summary judgment, docket no. 238, dismissing without prejudice plaintiffs' eleventh cause of action, per stipulation of the parties.  The Court DENIES defendants' request for attorney fees in connection with this motion.

See Minute Order, docket no. 325, ¶ 6.  The dismissal, which included any claims against Ms. McCullough, was not pursuant to a motion based on Ms. McCullough's defense under RCW 4.24.510.  Rather, the dismissal followed Fredric's request that the cause of action be dismissed without prejudice.  See Response, docket no. 320, at 3.

The Court's decision to allow Fredric to dismiss the Eleventh Cause of Action without prejudice, with a simultaneous denial of Defendants' request for attorneys' fees, forecloses Ms. McCullough's claim that she "prevailed" on the defense provided for in RCW

ORDER - 4

4.24.510. The Court DENIES Ms. McCullough's Motion for Summary Judgment, docket no. 766, as it relates to RCW 4.24.510. Ms. McCullough was not the "prevailing" party on the defense provided for in RCW 4.24.510 and is not entitled to attorneys' fees or statutory damages.

**B.     ERISA-related Attorneys Fees.**

The Court previously considered Ms. McCullough's Motion for Partial Summary Judgment, docket no. 213, which related to Plaintiffs' ERISA claims. The Court considered the motion together with Motions for Summary Judgment by Defendants Sassan Sanai, Internal Medicine and Cardiology, Inc., William Sullivan, and Marsh Mundorf Pratt Sullivan & McKenzie, which also related to the ERISA claims. See Motions for Partial Summary Judgment, docket nos. 222, 241. The Court granted summary judgment on Plaintiffs' ERISA claims on October 29, 2003. See Order, docket no. 331. However, the Court's did not address Ms. McCullough's request for ERISA-related attorneys' fees and costs. Ms. McCullough now asks the Court to grant her request for ERISA-related attorneys' fees.

In considering Plaintiffs' ERISA-related claims, the Court determined that the Plaintiff children were not designated as beneficiaries and did not have standing to sue. See Order, docket no. 331, at 3. The Court determined that Viveca Sanai did not have standing to sue because the plans were validly terminated before Sassan and Viveca were separated. Id. at 7. As a result, the Court granted the Defendants' motions for summary judgment and dismissed Plaintiffs' ERISA claims. Plaintiffs Cyrus, Viveca, and Fredric failed to address whether an award of attorneys' fees was appropriate in their original response. More recently, Plaintiffs declined to respond on the issue of ERISA-related attorneys' fees. See Response, docket no. 779, at 2. Having afforded Plaintiffs several opportunities to respond, the Court considers the question of attorneys' fees without the benefit of responsive briefing.

An attorneys' fee award pursuant to 29 U.S.C. § 1132(g) may be entered against a party claiming the status of participant, beneficiary, or fiduciary, who is unable to prove that

status.  Credit Managers Ass'n v. Kennesaw Life and Acc. Ins. Co., 25 F.3d 743, 748-49 (9th Cir. 1994).  In considering an award of attorneys' fees, the Court considers several factors: (1) the degree of the opposing party's culpability or bad faith, (2) the ability of the opposing party to satisfy an award of fees, (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances, (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions.  Id. (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980)).  Although the factors provide guidance, no single factor "is 'necessarily decisive'; various permutations and combinations can support an award of attorney fees."  Hummell, 634 F.2d at 453 (quoting Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984)).

Defendant Mary McCullough submits that these factors weigh heavily in favor of an award of attorneys' fees.  The Court agrees.  Plaintiffs' purpose in bringing the ERISA claims in this Court was to prolong the state court divorce proceedings in a different forum, and to punish and harass Ms. McCullough for her assistance of Defendant Sassan Sanai.  Plaintiffs' brought the ERISA claims in bad faith, without any reasonable basis in law or fact.  The Court finds that Plaintiffs have the ability to satisfy an award of fees.  The evidence before this Court has been that Viveca Sanai retained substantial assets following her divorce from Sassan Sanai, and that Cyrus and Fredric are attorneys with the ability to pay an award of fees.  The Court also finds that an award of fees in this case may deter others from seeking to misuse the provisions of ERISA.  Moreover, the Court finds that Plaintiffs' actions were solely for their own personal benefit.  The positions taken by Plaintiffs with regard to their ERISA claims were inventive, but wholly lacking in merit.  Ms. McCullough should be awarded her reasonable ERISA-related attorneys' fees in this

1 litigation pursuant to 29 U.S.C. § 1132(g), based on the Court's consideration of the

2 Hummell factors.

3 The Court has reviewed the Gibbs Declaration, docket no. 766-4. Ms. McCullough's ERISA-related attorneys' fees total $14,041.50. The attorneys' fees incurred by Mr. Gibbs were reasonably and necessarily incurred during the course of his representation of Ms. McCullough in defense of the ERISA-related claims. Mr. Gibbs hourly rate of $185 was reasonable. Ms. McCullough is entitled to her ERISA-related attorneys' fees in the amount of $14,041.50.

## II. CONCLUSION

Defendant Mary McCullough's Motion for Summary Judgment, docket no. 766, is GRANTED IN PART as it relates to Ms. McCullough's ERISA-related attorneys' fees. Ms. McCullough is awarded her ERISA-related attorneys' fees in the amount of $14,041.50 against Cyrus Sanai, Fredric Sanai, Viveca Sanai, and Daria Sanai. The Motion is DENIED IN PART as it relates to Ms. McCullough's entitlement to attorneys' fees, costs of suit, and a statutory penalty pursuant to RCW 4.24.510.

IT IS SO ORDERED.

DATED this 21st day of March, 2007.

_____
Thomas S. Zilly
United States District Judge

ORDER - 7